HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK MCCORKLE,

    Plaintiff,

  v.

STATE FARM INSURANCE COMPANY,

    Defendant.

CASE NO. C15-5455 RBL

ORDER ON MOTION FOR SUMMARY JUDGMENT

[Dkt. # 16]

    THIS MATTER is before the Court on State Farm's Motion for Summary Judgment. The case involves a fire at a home owned by Plaintiff McCorkle and insured by defendant State Farm.  One year and one day after the loss, McCorkle sued for breach of contract, claiming that State Farm failed to pay for a loss covered under the policy. He also asserts extra-contractual claims for bad faith and violations of the Washington Consumer Protection Act.

1      State Farm's policy included a suit limitation provision, which required an insured to file suit "not later than one year" after the loss. State Farm asks[1] the Court to apply that provision and dismiss with prejudice McCorkle's contract-based claims as untimely.

       McCorkle points out that the one year period expired on a Sunday, and claims that Fed. R. Civ. P. 6(a) applies to extend the period to the end of the following court day, Monday June 8, 2015. He filed suit that day. He also argues that the one year suit limitation provision does not apply to his bad faith and other extra-contractual claims.

       State Farm argues that Rule 6 applies only to deadlines imposed by court rules and court orders, and some statutory periods. It does not apply to statutory time periods where extending the period would "interfere with the purpose of the statute." *Christenson v. Ellsworth*, 162 Wn.2d 365 (2007) (Rule 6 does not extend unlawful detainer notice period). *See also In re Estate of Toth*, 138 Wn.2d 650 (1999) (Rule 6 does not apply to extend time for filing will contest); *Olson v. Civil Service Com'n*, 43 Wash. App. 812 (1986) (Rule 6 does not extend time for filing under Civil Service Regulations). There is no authority for the proposition that Rule 6 applies to expand contractual time periods.

       For this reason, McCorkle's contract-based claims are barred by the policy's enforceable one year limitations period, regardless of when his complaint was served. State Farm's Motion for Summary Judgment on Count III (Breach of Contract) is **GRANTED** and that claim is **DISMISSED** with prejudice.

---

[1] State Farm also argues that it was not timely served under state law, and McCorkle argues that State Farm's removal opened a new 120 day service window under Fed. R. Civ. P. 4. State Farm argues persuasively that removal cannot resurrect a case that was already dead in state court. The Court need not address this issue.

1  At the same time, McCorkle's extra-contractual claims, Counts I and II (bad faith and
2  CPA), are not subject to the one year suit limitations period. *See Schnell v. State Farm*, Cause
3  No. CV 13-5114, Dkt. #22, (W.D. Wash. Mar. 18, 2014), and authorities cited therein.
4  McCorkle's bad faith and CPA claims survive the suit limitation period's expiration.  State
5  Farm's Motion for Summary Judgment on those claims is **DENIED**.
6  IT IS SO ORDERED.
7  Dated this 5th day of January, 2016.

                                                     Ronald B. Leighton
                                                     United States District Judge